IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RIDEL LINARES-PEREZ, <br> A#220-801-776, <br><br> *Petitioner*, <br><br> V. <br><br> BOBBY THOMPSON, Warden, South Texas Detention Facility; MIGUEL VERGARA, Field Office Director of Immigration and Customs Enforcement; Enforcement and Removal Operations Houston Field Office; TODD LYONS, Acting Director, ICE; KRISTI NOEM; Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY; and EXECUTIVE OFFICE OF IMMIGRATION REVIEW, <br><br> *Respondents*. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. SA-26-CV-00604-FB |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Before the Court are the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus ("Petition" or "Writ of Habeas Corpus") (ECF No. 1), filed by Petitioner Ridel Linares-Perez ("Petitioner") on January 31, 2026, advisories to the Court that Petitioner had been removed to Mexico on February 1, 2026 (ECF Nos. 5 & 8), and the Court's Order for Service and Further Orders of the Court ("Order") (ECF No. 3) filed on February 2, 2026. After careful consideration, the Court is of the opinion that Petitioner's § 2241 Petition (ECF No. 1) should be **DISMISSED WITHOUT PREJUDICE AS MOOT.**

### BACKGROUND

Petitioner is a citizen of Cuba. He entered the United States without inspection or admission in 1980. Petitioner was taken into custody by immigration authorities on December 8, 2025. He filed

his Petition challenging his detention on January 31, 2026.  The Department of Homeland Security removed Petitioner to Mexico on February 1, 2026, one day prior to the Court's Order prohibiting Respondents from transferring "Petitioner outside of this judicial district during the pendency of this litigation and until further order of this Court allowing removal or transfer."  (ECF No. 3).

## ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC,* 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney,* 63 F.4th 480, 483 (5th Cir. 2023).

In his Petition, Petitioner requests release from detention.  However, Petitioner is no longer detained by immigration authorities and has been removed to another country.  Because he is no longer detained, the relief he seeks is no longer available.  In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Petitioner's claim for relief is moot and his Petition is subject to dismissal. *See*

*Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

## CONCLUSION

Petitioner has been removed from the United States and is no longer in detention. The only relief sought by Petitioner was release from detention, which the Court can no longer provide. Accordingly, the Court finds Petitioner's § 2241 Petition is subject to dismissal without prejudice as moot.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

IT IS FINALLY ORDERED that motions pending with the Court are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 19th day of February, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE